UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LINDA J. B., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | ) |
| v. | )  Case No. 1:23-cv-00137-JSD |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Martin O'Malley, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Linda J. Bohannon ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). [ECF No. 10]. Because the Court finds the decision denying benefits was supported by substantial evidence, the Commissioner's denial of Plaintiff's application is affirmed.

**I.    PROCEDURAL BACKGROUND**

On September 1, 2016, Plaintiff applied for DIB, alleging disability beginning on April 19, 2016. (Tr. 665, 780). Her application was initially denied. (Tr. 682). On March 27, 2017, Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ) (Tr. 687). After a hearing, the ALJ issued an unfavorable decision on June 26, 2019. (Tr. 662-80). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council on August

20, 2019 (Tr. 769). On August 8, 2020, the Appeals Council granted Plaintiff's request for review and reopened the hearing decision. (Tr. 775) On September 14, 2020, the Appeals Council issued an unfavorable decision, (Tr. 1) which became the final decision of Defendant agency.

On September 30, 2020, Plaintiff filed a complaint in this District, Case Number 4:20 CV 1403 HEA. (Tr. 1429). Upon the Commissioner's Motion to Remand, the court reversed and remanded the decision. (Tr. 1441-1442). After a supplemental hearing, an ALJ issued another unfavorable decision against Plaintiff on June 30, 2023. (Tr. 1375-1395).

Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

## II. FACTUAL BACKGROUND

At a May 2, 2019, hearing before ALJ Lisa Leslie, Plaintiff testified as follows: She did not apply for unemployment benefits after she quit work in 2016 because she did not think she was able to work. (Tr. 610-611). Her worst conditions were her IBS and the stomach bulge. (Tr. 611). Her IBS was continuous and she had one (1) IBS attack per week. (Tr. 622-23). Her IBS worsened after her gall bladder removal and she soiled herself about one time per week. (Tr. 612-13). She laid down at least one hour per day to relieve the pain from diarrhea, nausea, and constipation. (Tr. 613). Her pain interfered with her ability to concentrate and she required hydrocodone at least 2-3 times per week. (Tr. 615, 619). She had difficulty sleeping every night even after taking trazodone. (Tr. 617). She could stand for only 10 minutes at the most. (Tr. 626). Since her husband's death in combat in Panama, she suffered from depression, which worsened her physical problems and made her unable to leave the house. (Tr. 627, 629).

At a May 25, 2023, supplementary hearing before ALJ Lisa Leslie, Plaintiff testified as follows: She could not take too much narcotic medication because it causes constipation. (Tr.

1410). She never knew when she would have a diarrhea attack and needed to locate the bathroom wherever she went. (Tr. 1412).

The Court accepts the facts as set forth in the parties' respective statements of fact and responses. The Court will cite to specific portions of the transcript as needed to address the parties' arguments.

### III.    STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then

3

the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509 or § 416.909], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), which "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers

4

the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2), 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).

## I.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff was not engaged in substantial gainful activity between April 19, 2016 and her December 31, 2017, the date of her last insured; that Plaintiff had the medically determinable impairments of endometriosis, chronic gastritis, mild, gastroesophageal reflux disease (GERD), status post cholecystectomy, hernia, rosacea, irritable bowel syndrome, depression and anxiety; and that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 (Tr. 1381). The ALJ found that Plaintiff did not have an "impairment or combination of impairments that significantly limited the ability to perform basic work related activities for twelve (12) consecutive months, and therefore did not have a severe impairment or combination of impairments." (Tr. 1381-1386). Finally, at Step 5, the ALJ found that the claimant was not under a disability from April 19, 2016, through December 31, 2017. (Tr. 1386).

5

## IV.  DISCUSSION

Plaintiff challenges the ALJ's decision on two grounds: (1) the ALJ failed to properly evaluate Step Two of the sequential evaluation; and (2) the ALJ failed to fully and fairly develop the record. This Court disagrees with both of Plaintiff's claims.

### A.  Standard for Judicial Review

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. §§ 405(g); 1383(c)(3). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894

6

(8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### B.  Substantial evidence supports the ALJ's evaluation at Step Two.

Plaintiff's first argument is that the ALJ erred in finding that Plaintiff had no severe impairment at Step Two because she failed to properly evaluate Plaintiff's irritable bowel syndrome ("IBS") and tortuous colon and adhesions causing chronic pain. This Court disagrees.

At Step Two, the Commissioner must determine whether the claimant has a "severe medically determinable physical or mental impairment that meets the [12-month] duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement...." See 20 C.F.R. §§ 404.1509, 416.909, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). To be a "medically determinable" impairment, "a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. [The Commissioner] will not use a claimant's statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." 20 C.F.R. § 404.1521, 416.921. To be a "severe impairment," an impairment must "significantly limit[ ] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities are "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522, 416.922. "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). "Severity is not an onerous requirement for the claimant to meet . . . but it is also not a toothless

standard, and [the Eighth Circuit has] upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing." *Id.* (internal citation omitted).

As stated above, this Court's role is to determine whether substantial evidence as a whole supports the ALJ's findings. *See Opfer v. Kijakazi*, No. 4:20-CV-1409-SPM, 2022 WL 950865, at *4 (E.D. Mo. Mar. 30, 2022). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir.1998). "[A]s long as there is substantial evidence in the record to support the Commissioner's decision, [a court] will not reverse it simply because substantial evidence exists in the record that would have supported a different outcome, or because we would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001) (internal citations and quotations omitted); *see also Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022) ("Despite [the claimant's] dissatisfaction with how the ALJ weighed the evidence, it is not this Court's role to reweigh that evidence").

Applying this standard, the record contains substantial evidence to support the ALJ's determination that Plaintiff's impairments were not severe between during the specified period. The ALJ's determined that Plaintiff's statements "about the intensity, persistence, and limiting effects of her [IBS and colon] symptoms" to be "inconsistent or contradictory to the totality of evidence prior to the date last insured." (Tr. 1384). This is supported by the record. The ALJ cited to a normal abdominal examination on two occasions. (Tr. 1250, 1254). The ALJ also observed that, although Plaintiff had lactulose breath test showed abnormal methane levels, she denied any abdominal discomfort, bleeding, or lower gas at that appointment. (Tr. 1257). Indeed, Plaintiff reported that her IBS symptoms significantly improved with medication and a healthy diet and regular exercise was recommended as treatment (Tr. 1257, 1332). Moreover, despite Plaintiff's

testimony to the contrary, there was no documented record of Plaintiff having persistent side effects from the medication to treat her IBS. (Tr. 1329, 1331, 1333). While Plaintiff, her family, and her friends testified to the severity of her impairments, substantial evidence supports the ALJ's assertion that this is inconsistent with the totality of the record.

Plaintiff may not agree with this outcome but this Court cannot overturn the ALJ's decision simply because Plaintiff believes the ALJ should have reached a different conclusion. *See Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008); *see also Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). Therefore, the Court finds the Commissioner's findings at Step Two are supported by substantial evidence.

### C. The ALJ fully and fairly developed the record.

Plaintiff's second argument is that the record does not contain any medical evidence addressing "Plaintiff's ability to function in the workplace and that supports the RFC assessment during the period of disability." [ECF No. 20, at 14]. Plaintiff further argues that the ALJ did not fully develop the record at Step Two because the ALJ gave great weight to state agency medical expert John Jung, M.D.'s opinion without obtaining a medical opinion that addressed Plaintiff's ability to function in the workplace. *Id.* This Court finds that Plaintiff has not met his burden in demonstrating that the record in his case was underdeveloped. Rather, the ALJ's findings are supported by an adequately developed record.

The ALJ is not obligated to develop a record further, unless a "crucial issue is underdeveloped" or if the available evidence does not "provide an adequate basis for determining the merits of a disability claim." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004); *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to

9

function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Swink v. Saul*, 931 F.3d 765, 770 (8th Cir. 2019) (quoting *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). The RFC does not need to be supported by a particular medical opinion. *See Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 518 (8th Cir. 2019) (quoting *Hensley*, 829 F.3d at 932.).

Here, Plaintiff has not demonstrated that the record was underdeveloped because the evidence in the record provides a sufficient basis for the ALJ's decision. In making the determination that Plaintiff's impairments were non-severe, the ALJ considered Plaintiff's written statements, her testimony at her initial and supplemental hearings, her sister's testimony, statements from her friends and family, her medical records, her prescription information, and state agency medical experts' assessments. (Tr. 1382-1386). More to it, as this Court determined above, the ALJ based their Step Two decision upon substantial evidence. *See supra* at 8-9.

Furthermore, although Dr. Jung's opinion is based upon his determination that there was insufficient evidence to make a determination as to whether Plaintiff was disabled, the Eighth Circuit does not require "that every aspect of an RFC finding 'be supported by a specific medical opinion,' only that it 'be supported by some medical evidence of the claimant's ability to function in the workplace.'" *Twyford,* 929 F.3d at 518 (citing *Hensley*, 829 F.3d at 932). As discussed above, the ALJ's decision was supported by medical evidence. *See supra* at 8. Specifically, Plaintiff had a normal abdominal examination on two occasions and, at her lactulose breath test appointment, Plaintiff denied abdominal discomfort, bleeding, or lower gas. (Tr. 1250, 1254, 1257). Plaintiff also reported that her IBS symptoms significantly improved with medication. (Tr.

10

1257). Moreover, her medical records demonstrate that a healthy diet and regular exercise was recommended as treatment. (Tr. 1332). These pieces of medical evidence all support the ALJ's RFC finding. Thus, Plaintiff has not demonstrated that the record in this case was insufficiently developed and this Court affirms the decision of the ALJ.

### VI.   CONCLUSION

For all of the foregoing reasons, the Court finds the ALJ's decision is supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**. A separate Judgment will accompany this Order.

Dated this 18th day of September, 2024.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**